# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

_____

ROBERT L. FLYNN,

                Petitioner,

     v.                                             Case No. 09-CV-861

JEFFREY RADCLIFF,

                Respondent.

_____

## ORDER

On September 9, 2009, Robert L. Flynn ("Flynn") submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 2007 conviction in Milwaukee County Circuit Court for being a felon in possession of a firearm. (Docket #1). Mr. Flynn's petition raises three grounds for habeas relief. *Id.* With benefit of the parties' briefs, the court proceeds to review the facts and procedural history animating Mr. Flynn's petition.

## BACKGROUND

In the midst of an investigation of a burglary of the home of Mr. Flynn's brother-in-law, David Sterling ("Sterling"), police were informed by the victim of the burglary that the petitioner was a convicted felon in possession of a gun. Specifically, Mr. Flynn's brother-in-law informed police that the petitioner had frequented Mr. Sterling's hardware store, attempting to sell a handgun to Mr. Sterling and customers in the store. Mr. Flynn's brother-in-law told police detectives that the petitioner was unsuccessful in his attempts to sell his handgun, but did purchase a

lock-box from the hardware store. As a result of Mr. Sterling's comments, a detective opted to interview Mr. Flynn at his home. In the course of the investigation of Mr. Flynn, the petitioner's wife provided the keys to Mr. Flynn's vehicle to the police. In the trunk of Mr. Flynn's car, the police found a lock box which contained a firearm.

The petitioner was charged in a single count information that alleged that Mr. Flynn possessed a firearm at the site of the hardware store *and* at the petitioner's home. A trial occurred in late November of 2007, where Mr. Flynn was represented by Attorney Bridget E. Boyle-Saxton ("Boyle-Saxton"). The defense stipulated that Mr. Flynn was a felon, and, as such, the trial focused on the issue of whether the petitioner had been in possession of a firearm. Three witnesses testified at trial: Mr. Sterling, an employee of Mr. Sterling who worked at the hardware store, and the police detective who interviewed Mr. Flynn. Mr. Sterling's employee proved to be a poor witness for the prosecution, as he could not testify, as expected, that he saw Mr. Flynn in the hardware store with the gun. However, Mr. Sterling did testify that the petitioner had entered the hardware store carrying the gun and had purchased a lock box at the store. Additionally, Mr. Sterling testified that on July 31, 2007, Mr. Flynn had asked his brother-in-law to "hold onto the lock box" for the petitioner. Mr. Sterling stated that he later returned the lock box with the gun in it on August 10, 2007. Defense counsel attacked Mr. Sterling's testimony on cross-examination, noting inconsistencies between his testimony and his statements to the police detective. Finally, the police detective testified with regard to her investigation of the

burglary of Mr. Sterling's house and how her investigation led to her discovery of the firearm in Mr. Flynn's car. The police detective also noted the interviews she had with Mr. Sterling and the employees of Mr. Sterling's hardware store. On cross-examination of the detective, Ms. Boyle-Saxton posed several questions regarding inconsistencies between the statements made by the previous witnesses during their interviews and their testimony at trial.

Despite the defense counsel's attempts to cast doubt on the credibility of the three witnesses proffered by the state, the jury, after being instructed as to the elements of the offense, returned a unanimous verdict of guilty against the petitioner. Prior to sentencing, based on repeated requests by Mr. Flynn to represent himself, Ms. Boyle-Saxton filed a motion to withdraw, which the court granted. With Mr. Flynn representing himself, the trial court imposed a sentence of thirty months of initial confinement, followed by forty-eight months of extended supervision, running concurrently with Flynn's previously imposed sentence.

The petitioner then filed a motion for post-conviction relief in the trial court, arguing that he was denied the effective assistance of trial counsel for various reasons, including, in relevant part, that his trial counsel failed to challenge the existence of two separate offenses in the single count information. The petitioner did not raise any argument regarding prosecutorial misconduct or his attorney's failure to raise the issue of prosecutorial misconduct before the trial court. The trial court held a hearing where Ms. Boyle-Saxton testified. Ultimately, on September 5, 2008, the trial court denied the petitioner's motion for post-conviction relief, finding

that there was "nothing in the record to support a claim that [Ms. Boyle-Saxton] did anything wrong." Mr. Flynn appealed the trial court's decision, but he fared no better in the Wisconsin appellate courts. On May 27, 2009, the Wisconsin Court of Appeals issued an unpublished decision affirming the decision of the trial court. Less than three months later, the Supreme Court of Wisconsin notified Mr. Flynn that his petition for review of the trial court's decision had been denied. On September 9, 2009, Mr. Flynn filed his habeas petition in this court. (Docket #1). Having been briefed by all parties on the matter, the court will examine the legal efficacy of Mr. Flynn's petition.

## DISCUSSION

As a person in custody pursuant to a state court judgment, to be eligible for a writ of habeas corpus Mr. Flynn must demonstrate that he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a federal court may grant a habeas corpus application arising from a state court adjudication on the merits if the state court's decision: (1) "was contrary to" or "involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States"; or (2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state-court proceeding." 28 U.S.C. § 2254(d). A state court's decision is "contrary to" federal law if the state court applied the wrong standard or decided a case differently than the Supreme Court has done on a set of materially

indistinguishable facts. *Brown v. Finnan*, 598 F.3d 416, 421-22 (7th Cir. 2010). Moreover, a state court's decision is an "unreasonable application of clearly established federal law" "when a state court identifies the correct governing legal rule but unreasonably applies it to the facts of a case or if the state court either unreasonably extends a legal principle from the Supreme Court's precedent to a new context in which it should not apply or unreasonably refuses to extend that principle to a new context in which it should apply." *Id.* at 422. In other words, if the petitioner challenges a state court's application of governing federal law, the decision "must be shown to not only be erroneous, but objectively unreasonable." *Waddington v. Sarausad*, 129 S. Ct. 823, 831 (2009) (internal citations omitted); *see also Schriro v. Landrigan*, 550 U.S. 465, 473 (2007) ("The question under AEDPA is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable – a substantially higher threshold."). With these standards in mind, the court proceeds to examine each of the claims in Mr. Flynn's petition.

Mr. Flynn's first ground for relief is that he had "constitutionally ineffective counsel when counsel let [him] go to trial on a duplicitous complaint." (Pet. at 9). To successfully establish a denial of effective assistance, the petitioner must prove: (1) that his attorney's performance fell below an objective standard of reasonableness; and (2) he suffered prejudice as a result. *Strickland v. Washington,* 466 U.S. 668, 687-88, 693 (1984). To satisfy the first prong of the *Strickland* test, Mr. Flynn must direct the court to specific acts or omissions of his counsel. *Fountain*

*v. United States*, 211 F.3d 429, 434 (7th Cir. 2000) (internal citations omitted). Self-serving and unsupported assertions will not suffice to meet the petitioner's initial burden. *United States v. Messino*, 55 F.3d 1241, 1253 (7th Cir. 1995); *see also Barkauskas v. Lane*, 946 F.2d 1292, 1295 (7th Cir. 1991) ("Looking . . . at authority considering the requirement of a showing of prejudice in a claim of ineffective assistance of counsel, the party must present evidence, not mere conclusory allegations."). The Court must then consider whether, in light of all of the circumstances, counsel's performance was outside the range of professionally competent assistance. *United States v. Banks*, 405 F.3d 559, 569 (7th Cir. 2005). The court's review of the counsel's performance must be "highly deferential . . . indulg[ing] a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. To satisfy the latter prong of the *Strickland* test, the petitioner must show that there is a "reasonable probability that, but for counsel's error, the result of the proceeding would have been different." *United States v. Williams,* 106 F.3d 1362, 1367 (7th Cir. 1997). "A reasonable probability is defined as one that is sufficient to undermine confidence in an outcome." *Adams v. Bertrand*, 453 F.3d 428, 435 (7th Cir. 2006). A court need not address both prongs of the *Strickland* test if one provides the answer; if a court determines that the alleged deficiency did not prejudice the defendant, the court need not consider the first prong. *United States v. Fudge*, 325 F.3d 910, 924 (7th Cir. 2003) (internal citations omitted). The petitioner's bar "is set high and 'only a clear error in applying *Strickland* will support a writ of habeas

corpus.'" *Griffin v. Pierce*, 622 F.3d 831, 844 (7th Cir. 2010) (internal citations omitted).

Here, Mr. Flynn argued to the Wisconsin Court of Appeals that his counsel failed him by not objecting that the criminal information was duplicitous in that it referenced two different dates and locations, risking a non-unanimous verdict. The Wisconsin Court of Appeals rejected this argument, noting that Ms. Boyle-Saxton made a strategic decision in choosing to not challenge the information, in that challenging the information would have likely led the State to separate the single charge into two separate charges. Such a result, the appellate court reasoned, would have been a patently bad one for Mr. Flynn. The petitioner responds in his brief to the court that "counsel's strategy was not a reasoned defense strategy which misfired." (Pet'r's Br. at 14). However, this court cannot become a "Monday morning quarterback" in evaluating the performance of Ms. Boyle-Saxton. *Harris v. Reed*, 894 F.2d 871, 877 (7th Cir. 1990). The defense counsel's decision to not press the issue with regard to deficiencies with the information was a reasoned tactic to which this court owes much deference. *Strickland*, 466 U.S. at 689. The Wisconsin Court of Appeals correctly identified the *Strickland* standard and applied the principles of *Strickland* correctly in assessing Mr. Flynn's argument that his trial counsel was ineffective for failing to object to the information. The law requires no more from the Wisconsin court system and, ultimately, the court is unmoved by Mr. Flynn's attempts to paint Ms. Boyle-Saxton's reasoned trial strategy as ineffective. In short, Mr. Flynn's first ground for relief does not warrant issuing the writ.

Mr. Flynn's second ground for relief is a variation on his first ground for relief: the petitioner contends that the use of a "duplicitous information" violated his due process rights as protected by the Fourteenth Amendment of the United States Constitution. (Pet'r's Br. at 17). However, as this court noted in the Rule 4 screening order, Mr. Flynn did not properly raise this issue in state court outside of the ineffective assistance of counsel claim. (Docket #2). Indeed, the state court found that the unanimity claim was waived by Mr. Flynn because of his failure to object to the information, verdict form, or jury instructions at the time of trial. S*ee State v. Flynn*, No. 2008AP2017-CR, 2009 Wisc. App. LEXIS 551, at *13 n.8 (Ct. App. May 27, 2009). As a consequence, Mr. Flynn has procedurally defaulted on his second claim for relief: "A habeas petitioner who has exhausted his state court remedies without properly asserting his federal claim at each level of state court review has procedurally defaulted that claim." *Lewis v. Sternes*, 390 F.3d 1019, 1026 (7th Cir. 2004); *see also Sturgeon v. Chandler,* 552 F.3d 604, 611 (7th Cir. 2009) (holding that a state court's finding of wavier constitutes an "adequate and independent state ground" that a federal court cannot review in a habeas proceeding).

Likewise, the court finds that Mr. Flynn has procedurally defaulted on his third ground for relief, where the petitioner argues his constitutional right to due process was violated because of the prosecution facilitating perjured testimony. (Pet. at 11). The record indicates that Mr. Flynn attempted to raise the issue of prosecutorial misconduct at the eleventh hour during the post-conviction hearing on the adequacy

of his trial counsel. The state trial and appeals courts refused to evaluate the petitioner's argument about prosecutorial misconduct on the merits, as they found Mr. Flynn waived the argument by only raising it in a reply brief to the trial court. As such, the petitioner's failure to assert his constitutional contention in the matter required by state law forfeits any entitlement to federal collateral review on that contention unless there is reason to excuse Mr. Flynn's procedural default.[1] *Sturgeon,* 552 F.3d at 611.

Despite a procedural default, a court may rule on the merits of a claim if the petitioner either demonstrates cause for his default and prejudice resulting therefrom, or that a miscarriage of justice will result if the court does not consider the merits of the case. *Perruquet v. Briley*, 390 F.3d 505, 514 (7th Cir. 2004). Establishing "cause" requires demonstrating an external obstacle prevented the petitioner from fairly presenting the federal claim in state court, and actual prejudice, not merely a possibility of prejudice, is required. *Id.* at 514-15. The "miscarriage of justice" exception applies when the petitioner can demonstrate that he is actually innocent. *Id.* at 515. The petitioner does not argue that there is any reason to excuse his default with respect to his second ground for relief beyond the ineffective

---

[1] The court notes that the record does not indicate, nor has Mr. Flynn provided any evidence that the prosecution knowingly facilitated perjured testimony or should have known about the use of perjured testimony, as is required to show a due process violation. *See Shasteen v. Saver,* 252 F.3d 929, 933 (7th Cir. 2001). Instead, a witness testified on behalf of the state, and his statements contradicted those made earlier to a police detective. This by no means indicates that there was some sort of prosecutorial misconduct. Perhaps more importantly, and a point that Mr. Flynn still apparently does not understand, the contradictory statements of a witness for the prosecution only could have helped the defendant's case. Mr. Flynn's lawyer impeached the witness on cross-examination, but ultimately the jury still found against Mr. Flynn. Nonetheless, the merits of Mr. Flynn's arguments do not need to be reached by this court in this order.

assistance of counsel argument, which this court has already rejected. With regard to demonstrating "cause" for his default of his third ground for relief, Mr. Flynn asserts that he was only provided with the evidence that showed prosecutorial misconduct *after* he filed his motion for post-conviction relief. (Pet'r's Br. at 20). However, the record amply demonstrates that Mr. Flynn and his attorney had the evidence in question prior to when Mr. Flynn filed his motion for post-conviction relief. (Ex. I, Tr. at 63). Indeed, Ms. Boyle-Saxton cross-examined the witness in question with regard to prior inconsistent statements of the witness that form the basis of Mr. Flynn's prosecutorial misconduct argument. *Id.* Mr. Flynn has failed to argue in his brief to this court that Ms. Boyle-Saxton was somehow ineffective and, therefore, an external cause in not allowing the petitioner to raise the objection to prosecutorial misconduct before the state court. Moreover, even if Mr. Flynn had mustered some sort of ineffective assistance of counsel argument, as suggested in this court's screening order, (Docket #2 at 5), the petitioner failed to raise such an argument in state court, preventing him from raising such an argument in this proceeding. *Murray v. Carrier*, 477 U.S. 478, 489 (1986) ("Ineffective assistance of counsel, then, is cause for a procedural default . . . However, we think that the exhaustion doctrine, which is 'principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings,' . . . generally requires that a claim of ineffective assistance be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default.")

Finally, the petitioner cannot establish "actual innocence." To support such a claim, a petitioner "must come forward with 'new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial.'" *Gomez v. Jaimet*, 350 F.3d 673, 679 (7th Cir. 2003). (quoting *Schlup v. Delo*, 513 U.S. 298, 130 L.Ed. 2d 808, 115 S. Ct. 851 (1995)). The habeas petitioner then has the burden of showing that it is "more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Smith v. McKee*, 598 F.3d 374, 387 (7th Cir. 2010). Here, Flynn has failed to present any evidence that casts any doubt on his guilt, instead opting to criticize for much of his brief how the jury resolved the factual dispute in his case. Indeed, the record is replete with credible evidence that demonstrates Mr. Flynn's guilt, and there is no new evidence that casts doubt on the jury's sound conclusion. Mr. Flynn is simply grasping at straws with his habeas petition. As a consequence, the court cannot excuse Mr. Flynn's procedural defaults, and the court will dismiss this action in its entirety.

## CERTIFICATE OF APPEALABILITY

Under Rule 11(a) of the Rules Governing Section 2254 Cases, "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." To obtain a certificate of appealability under 28 U.S.C. § 2253(c)(2), the applicant must make a "substantial showing of the denial of a constitutional right" by establishing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different

manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003) (internal citations omitted). While Rule 11(a) permits a district court to direct the parties to submit arguments on whether a certificate of appealability should issue, additional argument is not necessary here. Given the record before the court, no reasonable jurist would find it debatable whether this court was correct in its ruling on the present motion. As a consequence, the court must deny a certificate of appealability as to the petitioner's motion.

Accordingly,

**IT IS ORDERED** that the petitioner's "Petition for Writ of Habeas Corpus" (Docket #1) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that a certificate of appealability as to the petitioner's motion be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that this case be and the same is hereby **DISMISSED**.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 20th day of May, 2011.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge